EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

MR 8741
Trial Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>)<br>) **COMPLAINT** |
| v. | )<br>) **JURY TRIAL DEMANDED**<br>) |
| OAK LANE PRINTING AND LETTER SERVICE CO., INC. | )<br>)<br>) |
| Defendant. | )<br>) |

### NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of age and to provide appropriate relief to Thomas R. Everly and David L. Rice who were aggrieved by those unlawful practices. As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Defendant terminated the employment of Thomas R. Everly from his position as a Lead Pressman because of his age, then 60, and David L. Rice from his position as a Bindery Helper because of his age, then 55, while retaining similarly-situated younger employees. As a result of these discriminatory practices, Mr. Everly and Mr. Rice suffered back pay and front pay damages.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FSLA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Oak Lane Printing (the "Employer"), has continuously been doing business in the State of New Jersey and the City of Moorestown, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion

2

within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least October 1, 2004, Defendant Employer has engaged in unlawful employment practices at its facilities in Moorestown, New Jersey, in violation of § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) as follows:

(a) Thomas Everly was born on April 30, 1944. Mr. Everly began working for Defendant on April 20, 2000 as an Off-Set Web Pressman.

(b) Mr. Everly never received any disciplinary actions and his performance was continuously rated as excellent or outstanding.

(c) On or about January 30, 2004, Mr. Everly was promoted to the position of Lead Pressman. Mr. Everly was commended and called "One of Oak Lane's best employees."

(d) On October 1, 2004, General Manager Wayne Maurizzio informed Mr. Everly he was being laid off.

(e) When discussing Mr. Everly's performance, Defendant's Chief Executive Officer George Dusak referred to Mr. Everly as "an old school guy, very set in his ways."

(f) Although Defendant claims Mr. Everly was terminated due to a reduction in force and because he constantly complained, Mr. Dusak described Mr. Everly was a good employee with whom he never had a problem.

(g) Despite Mr. Everly's good performance and qualifications, Defendant retained younger similarly-situated employees.

8. Since at least October 1, 2004, Defendant Employer has engaged in unlawful employment practices at its facilities in Moorestown, New Jersey, in violation of § 4(a)(1) of the

ADEA, 29 U.S.C. § 623(a)(1) as follows:

(a) David L. Rice was born on May 22, 1949. Mr. Rice began working for Defendant in 1969. He resigned on 1973, and was thereafter rehired as in November 1977 as a Pressman.

(b) During the course of his employment Mr. Rice did not have any disciplinary or performance issues.

(c) On or about January 2002, Mr. Rice's position was eliminated due to technological advances.

(d) From January 2002 to January 2004, Mr. Rice performed duties as a driver, folder operator, shipper, plate maker and clerical support.

(e) In January 2004, Mr. Rice was transferred to Defendant's New Jersey facility to work as a bindery helper under the supervision of Shipping Manager, Harry Thorn, age 38.

(f) On October 1, 2004, Thorn informed Mr. Rice he was being laid for economic reasons.

(g) When discussing the reason for Defendant's decision to lay-off Mr. Rice, General Manager, Wayne Maurizzio, stated that "certain people at age 55 cannot do certain jobs."

(h) Although Defendant claims that Mr. Rice was terminated due to a reduction in force and because he refused to learn new skills, Mr. Rice requested to be trained on the folding machine on several occasions but was denied the training. In addition, Mr. Rice applied to work as a web pressman, but was denied the opportunity because Defendant alleged the position was too fast-paced for him.

(i) Despite Mr. Rice's qualifications and experience, Defendant selected him for lay-off, while retaining younger employees.

9.  The effect of the practices complained of in paragraph 7 and 8 above has been to deprive Thomas R. Everly and David L. Rice of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

10. The unlawful employment practices complained of in Paragraphs 7 and 8 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against individuals 40 years of age and older, including, but not limited to, unlawful discharge.

B.  Order the Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals age 40 and older, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Thomas R. Everly and David L. Rice.

D.  Order Defendant to make whole Thomas R. Everly and David L. Rice, who were adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to, the re-employment of Thomas R. Everly and David L Rice, or front pay in lieu thereof, if reemployment is not feasible.

  E. Grant such further relief as the Court deems necessary and proper in the public interest.

  F. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

MARISOL RAMOS
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone: (215) 440-2828

7